**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATTIE MEYER, Executrix of the
Estate of Virginia Vogelsberg,

          Plaintiff-Appellant,

v.

ROBERT GIBSON, M.D.; THE
GIBSON CLINIC, INC.,

          Defendants-Appellees.

No.  00-6404
(D.C. No. 00-CV-372-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**   *

Before **SEYMOUR** and **McKAY** , Circuit Judges, and   **BRORBY** , Senior Circuit
Judge.

          After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*          This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff/appellant Pattie Meyer, executrix of Virginia Vogelsberg's estate, appeals from summary judgment granted in favor of defendants/appellees Robert Gibson and the Gibson Clinic, Inc. on her state-law claim for medical malpractice. Ms. Meyer contends that the district court erred by requiring expert medical testimony to establish a causal connection between Dr. Gibson's allegedly negligent treatment of Ms. Vogelsberg and the conditions that ultimately caused her death. Our jurisdiction arises under 28 U.S.C. § 1291, and, although we agree with the district court that evidence supplied by a medical expert is necessary to establish a causal connection, record evidence satisfied that requirement for summary judgment purposes in this case.

The district court's jurisdiction arose from the diversity of the parties. Therefore, the court was obliged to apply the most recent statement of applicable Oklahoma law by that state's highest court. *See Wood v. Eli Lilly & Co.*, 38 F.3d 510, 513 (10th Cir. 1994). We review de novo the district court's grant of summary judgment, applying Oklahoma substantive law. *See Charter Canyon Treatment Ctr. v. Pool Co.*, 153 F.3d 1132, 1135 (10th Cir. 1998). Under Fed. R. Civ. P. 56(c), summary judgment is proper only if the evidence, viewed in the light most favorable to the party opposing summary judgment, shows that there are no genuine issues as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See id.*

-2-

It is undisputed that Ms. Vogelsberg died of renal failure and cardiac arrest and that she had a history of metastatic breast cancer that had spread to her lungs, insulin-dependent diabetes mellitus, renal dysfunction with proteinuria, and coronary artery disease. Ms. Vogelsberg admittedly suffered from renal dysfunction and heart problems before she received laetrile treatments. However, Ms. Meyer appears to claim that Dr. Gibson failed to properly monitor or evaluate Ms. Vogelsberg's diabetic condition while administering laetrile, neglecting to notice that Ms. Vogelsberg's conditions had worsened and needed medical intervention, and that this lack of treatment resulted in her total renal failure and cardiac arrest.

In a motion for summary judgment, Dr. Gibson obtained an affidavit from a medical expert, Dr. Burdick, opining that Dr. Gibson's care and treatment did not cause or contribute to Ms. Vogelsberg's death. Dr. Gibson argued that Ms. Meyer could not establish a prima facie case of medical malpractice because she had not timely identified a medical expert to testify about causation and that she could not survive summary judgment for failure to submit a medical-expert affidavit establishing causation.

Expert medical testimony is necessary to establish causation in medical malpractice cases in Oklahoma unless the negligence is so grossly apparent that laymen would have no difficulty in realizing it. *See Boxberger v. Martin*, 552

-3-

P.2d 370, 373 (Okla. 1976). As the district court noted, "the origin of the injury in this case is obscure and is not readily apparent to a layman," Appellant's App. at 90, especially in light of Ms. Vogelsberg's pre-existing and serious medical conditions.

Despite apparently failing to comply with pre-trial orders to identify trial witnesses and exhibits by September 1, 2000, however, Ms. Meyer submitted with her untimely-filed summary judgment response an order from the Oklahoma State Board of Medical Licensure and Supervision (Board). The order was entered after a hearing on charges that Dr. Gibson's medical license should be revoked in part because of his "[f]ailure to provide necessary on-going medical treatment." Okla. Stat. tit. 59 § 509. The Board specifically concluded on "clear and convincing evidence" that Dr. Gibson failed to monitor and control Ms. Vogelsberg's diabetic condition and renal impairment, "resulting in the patient's total renal failure and subsequent death." Appellant's App. at 69, 71 (order revoking Dr. Gibson's medical license). Counsel submitted this document to the district court with the following statement: "While recognizing the difficulty in admission of these records at trial, the underlying facts reported in these documents are essentially undisputed." *Id.* at 45 (Plaintiff's response to motion

for summary judgment). [1] Counsel also argued that, under *Boxberger*, causation may also "be proved by circumstantial evidence if the evidence has sufficient probative force to constitute the basis for a legal inference." *Boxberger*, 552 P.2d at 574.

Dr. Gibson objected to admission of this evidence solely on the basis that it was generated following the treatment of Ms. Vogelsberg. [2] Counsel for Ms. Meyer did not bring to the court's attention *Boxberger's* statement that "[e]xpert medical testimony is not required to establish the cause of an objective injury where there is competent evidence, without such testimony, to establish the cause with reasonable certainty." *Id.* at 573. Nor did counsel emphasize to the district court that the Board is composed of seven licensed physicians and two laypersons, *see* Okla. Stat. tit. 59 § 481, and that the order was signed by a physician. Perhaps because of these failures and the fact that plaintiff's counsel's brief was not a model of clarity, the district court did not rule on the admissibility of the order or mention it in the order granting summary judgment. We conclude,

---

[1]    Orders from administrative agencies are admissible under Fed. R. Evid. 803(8)(C), the public records exception to the hearsay rule. *See Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir. 1986) (holding that court properly admitted Oklahoma Department of Public Safety shooting report pursuant to this Rule).

[2]    Following counsel's logic, Dr. Burdick's affidavit also would not be admissible because it, too, was generated following the treatment of the decedent.

however, that counsel submitted enough evidence and argument to warrant a ruling that the order could substitute for expert witness testimony on the issue of causation. *Cf. Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir. 1986) (affirming admission of Oklahoma Department of Public Safety shooting report as evidence that officer acted within professional guidelines of proper police conduct); *Robertson v. LaCroix*, 534 P.2d 17, 21 (Okla. App. 1975) (noting that "extrajudicial admission of a party opponent has the same legal competency as direct expert testimony to establish the requisite elements of a prima facie case of negligence in a medical malpractice action"). We therefore reverse the summary judgment in favor of defendants.

Ms. Meyer collaterally interposes issues of alleged procedural unfairness in Dr. Gibson's failure to produce all of the medical records relating to Ms. Vogelsberg's treatment and in his expert witness's reliance on those records in arriving at his conclusion that Dr. Gibson's treatment did not cause or contribute to Ms. Vogelsberg's death. We note, as did the trial court, that Ms. Meyer did not compel production of those documents. She also did not request an extension of time in which to obtain the documents, gather more rebuttal evidence or affidavits, or obtain a medical expert, even though she bore the burden of proof on the issue of causation. *See* Fed. R. Civ. P. 56(f).

> [W]here the non moving party will bear the burden of proof at trial
> on a dispositive issue, that party must go beyond the pleadings and

> designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment.

*McKnight v. Kimberly Clark, Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quotations omitted). Having failed to compel documents or to request extensions of time in which to obtain medical records, Ms. Meyer cannot be heard to complain of any perceived procedural unfairness.

We REVERSE the judgment of the United States District Court for the Western District of Oklahoma and REMAND for further proceedings consistent with this opinion.

Entered for the Court


Monroe G. McKay
Circuit Judge
